■ In the Matter of Luis Benitez, Appellant, v New York State Division of Parole et al., Respondents. [781 NYS2d 757]—Appeal from a judgment of the Supreme Court (Sheridan, J.), entered September 9, 2003 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner commenced the instant CPLR article 78 proceeding challenging a March 2002 decision of the Board of Parole denying his application for parole release. Supreme Court granted respondents' motion to dismiss the petition and petitioner now appeals. The Attorney General has advised that petitioner reappeared before the Board of Parole on March 16, 2004 and his request for parole release was again denied. In view of this, the instant appeal is moot and must be dismissed (see Matter of Davidson v Travis, 3 AD3d 826 [2004]; Matter of Le Grand v Travis, 309 AD2d 1091 [2003]).

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

■ In the Matter of Marion Frazier, Appellant, v Gary Greene, as Superintendent of Great Meadow Correctional Facility, Respondent. [781 NYS2d 757]—Appeal from a judgment of the Supreme Court (Berke, J.), entered July 29, 2003 in Washington County, which denied petitioner's writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner commenced this CPLR article 70 proceeding for a writ of habeas corpus asserting that he was improperly delivered to and accepted by the Department of Correctional Services because the certificate of conviction authorizing the execution of his sentence is defective. Supreme Court dismissed the petition and we affirm. Given the information contained in the petition, which included a final order of commitment, petitioner would not be entitled to immediate release even if successful in his argument (see People ex rel. Burr v Smith, 6 AD3d 841 [2004]; People ex rel. Burr v Duncan, 289 AD2d 898 [2001], lv denied 97 NY2d 612 [2002]). Accordingly, habeas corpus is not available to petitioner.

Mercure, J.P., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.