■ The People of the State of New York ex rel. Andre Budden, Appellant, v Justin Taylor, as Superintendent of Gouverneur Correctional Facility, Respondent. [902 NYS2d 453]—Appeal from a judgment of the Supreme Court (Feldstein, J.), entered September 1, 2009 in St. Lawrence County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1994, petitioner was convicted of murder in the second degree, two counts of robbery in the first degree and attempted robbery in the first degree, and was sentenced to an aggregate term of 8⅓ to 25 years in prison. He brought this CPLR article 70 proceeding seeking a writ of habeas corpus on the basis that a certificate of conviction was never issued. Supreme Court denied the petition without a hearing. Petitioner appeals.

We affirm. Inasmuch as petitioner's challenge to the absence of a certificate of conviction could have been raised on direct appeal or in a CPL article 440 motion, habeas corpus is not the appropriate remedy (*see People ex rel. Green v Smith*, 34 AD3d 910, 911 [2006], *lv denied* 8 NY3d 806 [2007]; *People ex rel. Burr v Duncan*, 289 AD2d 898 [2001], *lv denied* 97 NY2d 612 [2002]). In any event, even if petitioner's claim had merit, he would not be entitled to immediate release from prison in view of the valid sentence and commitment order contained in the record (*see People ex rel. Pilgrim v Greene*, 16 AD3d 787, 788 [2005], *lv denied* 5 NY3d 706 [2005]; *Matter of Frazier v Greene*, 10 AD3d 743 [2004]).

Cardona, P.J., Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.